IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, STATE OF GEORGIA, STATE OF COLORADO, AND STATE OF SOUTH CAROLINA, | C/A No. 6:18-cv-00165-TMC |
| Plaintiffs, | |
| *ex rel.* SUSAN MATHEWSON, | |
| Plaintiff-Relator, | |
| v. | |
| PREMIER MEDICAL, INC., KEVIN S. MURDOCK, FREEDOM MEDICAL LABS, LLC, ROBERT ALAN RICHARDSON, AND EDWARD MURDOCK, | |
| Defendants. | |

## CONSENT JUDGMENT AND ORDER OF DISMISSAL

WHEREAS, this Consent Judgment and Order of Dismissal (Consent Judgment) is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the United States), the State of South Carolina, the State of Georgia, and the State of Colorado (together, the States) (the States and United States, collectively the Plaintiffs or Governments), Defendant Kevin S. Murdock (Murdock), and Relator Susan Mathewson, as representative of the Estate of Karen Mathewson ("Relator") (hereafter collectively referred to as the Parties), through their authorized representatives;

WHEREAS, Murdock wholly owned and was the Chief Executive Officer of Premier Medical, Inc., a clinical testing laboratory that formerly operated in Greenville, South Carolina.



The Governments contend that Murdock caused federal and state healthcare programs to be billed for various services, including cancer genomic testing (CGX).

WHEREAS, on January 18, 2018, Karen Mathewson filed a qui tam complaint pursuant to the False Claims Act's qui tam provisions, 31 U.S.C. § 3730(b), against Premier Medical, Inc. (Premier Medical), captioned *United States ex rel. Mathewson v. Premier Medical, Inc.*, No. 6:18-cv-00165 (D.S.C.) (the Mathewson Civil Action).   On June 19, 2019, Robert Mathewson was substituted for Karen Mathewson as the relator in the Mathewson Civil Action pursuant to Federal Rule of Civil Procedure 25(a)(1).  In a Second Amended Complaint, filed on February 10, 2021, Relator added defendants Kevin S. Murdock, Michael Conroy, and Dakota White.   On April 15, 2025, Susan Mathewson was substituted for Robert Mathewson as the relator in the Mathewson Civil Action pursuant to Federal Rule of Civil Procedure 25(a)(1).

WHEREAS, on March 24, 2021, the United States, the State of Georgia, and the State of Colorado entered a Joint Notice of Partial Intervention.  Those plaintiffs intervened on the claims that defendants violated the Anti-Kickback Statute (the AKS), 42 U.S.C. § 1320a-7b and the False Claims Act (FCA), 31 U.S.C. §§ 3729–3733, by submitting claims for laboratory services tainted by illegal kickbacks. Those plaintiffs also intervened in the part of the action alleging that Premier Medical submitted claims to federal healthcare programs for services that were not rendered. The Governments declined to intervene against Defendant Dakota White.

WHEREAS, on July 29, 2021, the State of South Carolina moved to intervene in the action and the Court granted its motion on July 30, 2021.

WHEREAS, on July 30, 2021, the Governments filed a Joint Complaint in Intervention in *United States ex rel. Mathewson v. Premier Medical, Inc., et al.*, naming additional defendants Robert Alan Richardson, Edward Burch, and Freedom Medical.

WHEREAS, the Governments contend that Murdock caused false claims to be submitted for payment to the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 (Medicaid) in violation of the federal False Claims Act, 31 U.S.C. §§3729–33 (FCA); the Georgia Medicaid program, in violation of the Georgia State False Medicaid Claims Act, O.C.G.A. §§ 49-4-168, et seq.; the Colorado Medicaid program, in violation of the Colorado Medicaid False Claims Act, C.R.S. 25.5-4-303.5 et seq.; and the South Carolina Medicaid program, in violation of the South Carolina Code Section 43-7-60.

WHEREAS, the Governments contend that they have certain civil claims against Murdock arising from his causing the submission, or conspiring to submit or cause the submission, of false claims, and/or false statements or records material to those claims, to Medicaid programs from June 11, 2018, to September 19, 2019, by (1) providing, and conspiring to provide, illegal remuneration that was tied to the referral of CGX testing claimed by Premier Medical in violation of the AKS, 42 U.S.C. § 1320a-7b; and (2) causing claims to be billed to federal and state healthcare programs by Premier Medical for CGX testing that was not medically necessary and/or not performed as alleged in the Joint Complaint in Intervention;

WHEREAS, the Parties have, through this Consent Judgment, reached a mutually agreeable resolution addressing the claims asserted against Murdock in the Joint Complaint in Intervention;

WHEREAS, Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds from any monies collected from Murdock and to Relator's reasonable expenses, attorneys' fees and costs, which shall be separately negotiated. This Agreement shall not be conditioned on the resolution of any claims for expenses, fees or costs by the Relator.

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

## TERMS AND CONDITIONS

1.     The Parties agree that this Court has subject matter jurisdiction over this action and consent to this Court's exercise of personal jurisdiction over each of them.

2.     Murdock acknowledges that there is a likelihood he would be found liable for violating the False Claims Act, 31 U.S.C. §§3729–33; the Georgia State False Medicaid Claims Act, O.C.G.A. §§ 49-4-168, *et seq.*; the Colorado Medicaid False Claims Act, C.R.S. 25.5-4-303.5 *et seq.*; and South Carolina Code Section 43-7-60.

3.     Solely in an effort to avoid the cost and expense of a trial, Kevin Murdock agrees to forgo his right to defend the case legally and factually and agrees to the entry of this consent judgment in favor of the United States and the States of Colorado, Georgia, and South Carolina and against Murdock in the amount of Twenty-seven Million, Five Hundred Forty-Four Thousand, Four Hundred and Sixty dollars ($27,544,460).

4.     The terms of any payments by Murdock to Relator or her counsel for expenses and attorneys' fees and costs due under 31 U.S.C. § 3730(d) shall be made in accordance with a separate agreement between Murdock, Relator, and their counsel.

5.     The United States and the States release Murdock from any civil claim the United States or the States have for the conduct alleged in the Joint Complaint in Intervention under the False Claims Act, 31 U.S.C. §§ 3729–3733; the Georgia State False Medicaid Claims Act, O.C.G.A. §§ 49-4-168, et seq., the Colorado Medicaid False Claims Act, C.R.S. § 25.5-4-303.5 et seq., and South Carolina Code Section 43-7-60, or the common law theories of payment by mistake, unjust enrichment, and fraud.

6.     Notwithstanding this Consent Judgment and the release given in Paragraph 5, the following claims and rights of the United States and States are specifically reserved:

a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code) and the state revenue codes of Colorado, Georgia, and South Carolina;

b.    Any criminal liability;

c.    Except as explicitly stated in this Consent Judgment, any administrative liability or enforcement right, including mandatory or permissive exclusion from Federal healthcare programs;

d.    Any liability to the United States (or its agencies) and the States of Colorado, Georgia, and South Carolina (or their agencies) for any conduct other than the conduct alleged in the Joint Complaint in Intervention;

e.    Any liability based upon obligations created by this Consent Judgment;

f.    Any liability of individuals who are not party to this Consent Judgment; and

g.    Any civil or administrative liability that any person or entity has or may have to the States of Colorado, Georgia and South Carolina, or to individual consumers or state program payors under any statute, regulation, or rule, including, but not limited to, any and all of the following claims: (i) claims involving unlawful or illegal conduct based on State or federal antitrust violations; and (ii) claims involving unfair and/or deceptive acts and practices and/or violations of consumer protection laws.

7.    Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Consent Judgment but agree and confirm that this Consent Judgment is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon the United States receiving proceeds from this Consent Judgment, and as soon as feasible after receipt, the United States shall pay sixteen percent (16%) to Relator.  Conditioned upon the State

of Georgia receiving proceeds from this Consent Judgment, as soon as feasible after receipt, the State of Georgia shall pay seven and a half percent (7.5%) to Relator. Conditioned upon the State of Colorado receiving proceeds from this Consent Judgment, and as soon as feasible after receipt, the State of Colorado shall pay seven and a half percent (7.5%) to Relator. In connection with this Consent Judgment and the Mathewson Civil Action, Relator and her heirs, successors, attorneys, agents, and assigns agree that neither this Consent Judgment, nor the dismissal of the Mathewson Civil Action, shall waive or otherwise affect the ability of the Governments to contend that provisions in the FCA, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar one or more Relators from sharing in the proceeds of this Consent Judgment. Moreover, the United States, the States, and Relator and her heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the FCA and state analogues on the issue of the share percentage, if any, the Relator should receive of any proceeds of the Consent Judgment, and that the United States, the States, and Relator has not reached any agreement to date concerning Relator's share.

8.    Murdock waives and shall not assert any defenses Murdock may have to any criminal prosecution or administrative action relating to the allegations in the Joint Complaint in Intervention that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.

9.    Murdock fully and finally releases the United States and the States, their agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Murdock has asserted, could have asserted, or may assert in the future against the United States and the States or, their agencies, officers,

agents, employees, and servants, related to the allegations in the Joint Complaint in Intervention or the Governments' investigation or prosecution thereof.

10.     Murdock fully and finally releases the Relator from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Murdock has asserted, could have asserted, or may assert in the future against the Relator, related to the Mathewson Civil Action and the Relator's investigation and prosecution thereof.

11.     Except as provided in Paragraph 4 each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Consent Judgment.

12.     Each Party and signatory to this Consent Judgment represents that it freely and voluntarily enters into this Consent Judgment without any degree of duress or compulsion.

13.     This Consent Judgment is governed by the laws of the United States. The exclusive venue for any dispute relating to this Consent Judgment is the United States District Court for the District of South Carolina. For purposes of construing this Consent Judgment, this Consent Judgment shall be deemed to have been drafted by all Parties to this Consent Judgment and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14.     This Consent Judgment constitutes the complete agreement between the Parties. This Consent Judgment may not be amended except by written consent of the Parties. Forbearance by the United States from pursuing any remedy or relief available to it under this Consent Judgment shall not constitute a waiver of rights under this Consent Judgment.

15.     The undersigned counsel represent and warrant that they are fully authorized to execute this Consent Judgment on behalf of the persons and entities indicated below.

16.    This Consent Judgment may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Consent Judgment.

17.    This Consent Judgment is binding on Murdock's successors, transferees, heirs, and assigns.

18.    This Consent Judgment is effective on the date upon which the Consent Judgment is approved by the Court (Effective Date). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Consent Judgment.

### THE UNITED STATES OF AMERICA

DATED: 7/13/25    BY: _Beth C. Warren_
                   BETH C. WARREN
                   Assistant United States Attorney
                   Office of the United States Attorney
                   District of South Carolina

### THE STATE OF SOUTH CAROLINA

DATED: 7/13/25    BY: _T. Brandon Steen_
                   T. BRANDON STEEN
                   Assistant Deputy Attorney General
                   Medicaid Fraud Control Unit
                   South Carolina Attorney General's Office

### THE STATE OF GEORGIA

DATED: 7/13/25    BY: _____
                   SARA VANN
                   Senior Assistant Attorney General
                   Office of the Attorney General for the State of Georgia
                   Medicaid Fraud Division

## THE STATE OF COLORADO

DATED: 7/13/25      BY: _____
                                  LAUREN NICOLE JONES
                                    Assistant Attorney General
                                    Medicaid Fraud, Abuse & Neglect Unit
                                    Colorado Attorney General's Office

## KEVIN S. MURDOCK - DEFENDANT

DATED: 7-13-25      BY: _____
                                    Kevin S. Murdock

DATED: 7/13/25      BY: _____
                                    John A. Sten
                                    Counsel for Kevin S. Murdock

## SUSAN MATHEWSON – RELATOR

DATED: _____      BY: _____
                                    Susan Mathewson, Individually and as a representative of
                                    the Estate of Karen Mathewson

DATED: _____      BY: _____
                                    Cory Fein
                                    Counsel for Susan Mathewson

Upon the consent of the plaintiffs United States, the states of Colorado, Georgia, and South Carolina, and defendant Kevin S. Murdock, it is hereby:



9

## THE STATE OF COLORADO

DATED: _____    BY: _____
                          LAUREN NICOLE JONES
                          Assistant Attorney General
                          Medicaid Fraud, Abuse & Neglect Unit
                          Colorado Attorney General's Office

## KEVIN S. MURDOCK - DEFENDANT

DATED: _____    BY: _____
                          Kevin S. Murdock


DATED: _____    BY: _____
                          John A. Sten
                          Counsel for Kevin S. Murdock

## SUSAN MATHEWSON – RELATOR

DATED: 7-13-25    BY: _Susan Mathewson_ w.perm. CSF
                      Susan Mathewson, Individually and as a representative of
                      the Estate of Karen Mathewson


DATED: 7-13-25    BY: _Cory Fein_
                      Cory Fein
                      Counsel for Susan Mathewson


Upon the consent of the plaintiffs United States, the states of Colorado, Georgia, and South

Carolina, and defendant Kevin S. Murdock, it is hereby:

9

ORDERED, ADJUDGED, and DECREED that plaintiff United States of America, the states of Colorado, Georgia, and South Carolina are awarded judgment in the amount of $27,544,460.

**IT IS SO ORDERED**, this 14th day of July, 2025.



Timothy M. Cain
United States District Judge