IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America; State of Georgia; State of Colorado; and State of South Carolina; ex rel. Susan Mathewson, as Representative of Estate of Karen Mathewson,[1] <br><br> Plaintiff-Relator <br><br> v. <br><br> Kevin S. Murdock,[2] <br><br> Defendants. | C.A. No. 6:18-cv-165-TMC |

**ORDER**

Before the Court is Relator's Motion for Award of Reasonable Expenses, Attorneys' Fees and Costs (Docket No. 452.)

The Court entered an agreed Consent Judgment of $27,544,460 on July 14, 2025. Within 14 days of the Judgment, Susan Mathewson, as representative of the Estate of Karen Mathewson ("Relator"), moved for an award of $77,020 for attorneys' fees and $1,849 in costs, pursuant to Federal Rule of Civil Procedure 54(d). Awarding Relator's request of $78,869 would increase Defendant Murdock's liability by 0.286%, from $27,544,460 to $27,623,329.

---

[1]  Plaintiff Karen Mathewson was terminated 6/19/19 per Order [ECF Doc 19].  Plaintiff Robert Mathewson was terminated 4/15/25 per Order [ECF Doc 342].

[2]  Defendant Premier Medical Inc was terminated 4/25/25 per Order [ECF Doc 352]. Defendant Michael Conroy was terminated 1/26/24 per Order [ECF 180]. Defendant Dakota White was terminated 7/30/21 per intervenor complaint [ECF Doc 61]. Defendants Freedom Medical Labs LLC and Robert Alan Richardson were terminated 4/11/25 per Order [ECF Doc 338].  Defendant Edward Burch was terminated 7/1/25 per Order [ECF Doc 424].

A relator who prevails on claims brought under the FCA is entitled to recover "reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). Such an amount "shall be awarded against the defendant." *Id*. Relator files this motion seeking fees within 14 days of the judgment, pursuant to Federal Rule of Civil Procedure 54(d).

Relator's counsel seek recovery for 101.2 hours of work, which amounts to barely more than one hour per month for the 94 months they have worked on this case.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *United States ex rel. Hartnett v. Physicians Choice Lab. Servs.*, No. 3:17-CV-37, 2021 WL 3072460, at *9 (W.D.N.C. July 20, 2021) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

The Court finds that, under these circumstances, the number of hours reported by Relator's counsel (91.4 hours for Cory Fein, and 9.8 hours for Bert Louthian), and the hourly billing rate ($800 for Cory Fein and $500 for Bert Louthian) are reasonable.

The Court finds no reason for adjusting, either upwards or downwards, the resulting lodestar of $77,020 (calculated by multiplying each attorney's number of hours by his billable rate and subtracting the $1000 received from an earlier settlement.)

Defendant Murdock has not responded to the motion, and the time to do so has expired. Accordingly, upon review of the motion and supporting material, the court finds the same is well taken. Additionally, in light of Murdock's failure to contest the motion or otherwise respond, the court finds that a hearing is unnecessary and that the same should be granted. Local Rule 7.08,

D.S.C.

The Court finds that the $1,849.60 incurred by Relator's counsel for filing fees and expenses incurred in traveling to the Relator's interview in Greenville is reasonable. Accordingly, it is

ORDERED, ADJUDGED, and DECREED THAT Relator Susan Mathewson, as representative of the Estate of Karen Mathewson, is awarded a total of $78,869.60 (consisting of $77,020 for attorney's fees and $1,849.60 for expenses) to be paid by Defendant Kevin Murdock.

IT IS SO ORDERED

s/Timothy M. Cain
Honorable Timothy M. Cain
Chief United States District Judge

August 28, 2025
Anderson, South Carolina

3